IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER LEWIS BARROW,          )
#240 9555,                         )
                                   )
      Petitioner,                 )
                                   )
      v.                          )   CIVIL ACTION NO.: 2:13-CV-193-TMH
                                   )
WARDEN CHRISTOPHER GORDY,          )
*et al*.,                          )
                                   )
      Respondents.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

      This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on March 26, 2013.[1]  In this petition, Petitioner challenges the revocation of his probation by the Circuit Court for Pike County, Alabama, on September 11, 2011. (*Doc. No. 1*).

      Pursuant to an order of the court, Respondents filed an answer with this court on April 24, 2013 wherein they assert that Petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. (*Doc. No. 8*).  Specifically, Respondents maintain that Petitioner has a Rule 32 petition currently pending in the Circuit Court for Pike

---

[1] Although the present petition was stamped "filed" in this court on March 28, 2013, the petition was signed by Petitioner on March 26, 2013.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Barrow] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers March 26, 2013 as the date of filing.

County, Alabama. (*Id. at pgs. 8-9*).

Upon review of the petition, Respondents' answer, and Petitioner's response, the court concludes that the instant habeas corpus action should be dismissed because Petitioner has failed to exhaust state remedies with respect to each of the claims raised therein.

## I. DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). Petitioner concedes that he filed a Rule 32 petition in the Circuit Court for Pike County in July 2012. He filed amendments to the petition in August 2012 and February 2013. He asserts that the State has not filed a response to the two amended petitions and that, to date, the trial court has not issued a ruling on his post-conviction petition. Petitioner complains that requiring him to exhaust state remedies will deny him speedy review of his claims in this court. He further contends that if he has to exhaust all available state remedies prior to bringing a federal habeas petition a significant period of time will elapse before he can ever get into federal court. The court understands Petitioner to essentially claim that requiring him to exhaust properly his state remedies is ineffective and futile due to what he intimates are unreasonable and unjustified delays by the state court in acting on his efforts to exhaust state remedies. (*Doc. No. 10*).

Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C § 2254(b).  Petitioner's arguments, however, fail to fit within the narrow exception to futility, and  there is no reason to believe that the Alabama state courts will not give his issues serious consideration in due time.

A review of the pleadings and documents filed in this matter clearly demonstrate that Petitioner has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition.  This court does not deem it appropriate to rule on the merits of Petitioner's claims for relief without first requiring that he exhaust state remedies.[2]  *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the undersigned Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue his available state court remedies.

---

[2] Petitioner is advised that pursuant to the provisions of 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to federal applications for habeas corpus relief.  The limitation period begins to run on the date when the time for seeking direct review of the challenged judgment expires but the time during which a properly filed post-conviction petition is pending shall not be counted toward any period of limitation  under § 2244(d)(1).  A post-conviction petition filed after expiration of the federal limitation period, however, will not toll the one-year period of limitation.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Christopher Barrow be DISMISSED without prejudice to afford him an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **May 31, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

4

Done this 17th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE